Kinsey C. J,
The granting a new trial is altogether discretionary with the court, and the object in view, by which they should be governed in the exercise of this discretion, is the attainment of justice. 1 T. R. 277, 719, 20. 2 T. R. 4. 4 T. R. 469, 757. 1 Burr. 397, 12, 54.
The awarding costs or not, ought to depend on some other distinction than that of a difference between a mistakes of the judge, and of the jury. There seems no good reason for this, and it is no where laid down as a general rule. In 1 Burr. 893. Ld. Mansfield says a new trial is granted in a *295 v/a' ..l-' >t favourable to him who has the wrong verdict, it is do.ii - payment of costs. He could not mean to lay this dov/. i a universal rule subject to no exception, perhaps it mm' ' -: .eight where the court grant a new trial in dubious cast-:; where there is a manifest difference of opinion betff.y)' me court and jury, as in the case of Goodtitle v. Clay-tor. ’ al, where there was evidence on both sides, and where th, y rc who tried the cause said that he could not declare l b M.ijf dissatisfied with the verdict.
;b-ir in all cases where the verdict is manifestly wrong, i L «her it proceeded from the mistake of the judge or of the j r •, there seems no reason why the losing party should be ' lied to pay an extraordinary sum in the way of costs, h. mfer to have a chance of justice. Such an idea is at va» •’ . with the first principles of the common law, with the , • i, spirit of magna charta, and if it has been inadvertently i t boned by courts, should at once be eradicated from the n. In the case of Levai v. Parsons the Judge gave leave to move for a new trial without costs. In the case of Jackson v. Duchaire (a) Judge Puller says “ if the verdict be manifestly against the justice of the case, and the Judge’s direction, it is fit that a new trial "should be granted without costs.”
This further enforces the propriety of the distinction before alluded to between a verdict plainly wrong, and one which the court will set aside upon less cogent and palpable reasons. In the present case a new trial was ordered, for the mistake of the jury, a plain and important mistake; in such a case costs ought not to be awarded, though it is admitted that in general the rule has been the other way.
However there is another ground in this case for refusing costs. The order for costs must be contained in the rule for the new trial: it is too late at this period, after the trial has been had, to annex a condition. It cannot be distinguished from the case in Douglass which has been cited.
Rule discharged.

 3 T. Rep. 5S1-